## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN ATELIER, INC.,                    :
                                           :
        Plaintiff,                  :
                                           :
Vs.                                        : Civil Action No.
                                           :
WAYFAIR LLC and                            : JURY TRIAL DEMANDED
JAY IMPORT COMPANY,                        :
                                           : VERIFIED COMPLAINT
        Defendants.

Plaintiff, American Atelier, Inc., by and through its attorneys, and as for its Complaint, avers as follows:

### JURISDICTION

1.      This civil action asserts claims for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq. and the statutory and common laws of the Commonwealth of Pennsylvania.  The amount in controversy exclusive of interest and costs exceeds the sum or value of $75,000.

2.      This Court has jurisdiction over the claims Plaintiff is asserting under the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3.      Plaintiff, American Atelier, Inc. ("American Atelier"), is a Pennsylvania corporation having a principal place of business at 301 North Front Street, Allentown, Pennsylvania 18102.

4.      On information and belief, Defendant, Wayfair LLC ("Wayfair"), is a

Massachusetts Limited Liability Company having its principal place of business at 4 Copley Place, 7th Floor, Boston, Massachusetts 02116.

5.     On information and belief, Defendant, Jay Import Company ("Jay Import") is a New York corporation having its principal place of business at 41 Madison Avenue, 12th Floor, New York, NY 10021.

### COUNT I – TRADEMARK INFRINGEMENT

6.     As a cause of action and ground for relief, American Atelier alleges trademark infringement by Wayfair and Jay Import (collectively "Defendants") under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law, and incorporates ¶¶ (1) through (4) of the Complaint as part of this count.

7.     Since at least as early as 1995, long prior to the acts complained of herein, American Atelier has used the mark AMERICAN ATELIER in connection with the manufacture and sales of custom furniture in interstate commerce.

8.     American Atelier's products sold under the mark AMERICAN ATELIER are recognized in this Commonwealth and in the United States to be of the highest quality, are offered for sale and sold in interstate commerce.

9.     From at least as early as 1995 to the present, American Atelier's advertising and sales of products sold under the mark AMERICAN ATELIER have been and are significant.

10.    From at least as early as 1995 to the present, American Atelier has engaged in the exclusive use of the mark AMERICAN ATELIER for furniture.

11.    As a result of the substantial sales of American Atelier's products under the mark, the mark AMERICAN ATELIER has become an extremely valuable symbol of American

Atelier, its reputation, and goodwill.

12.     American Atelier duly registered the mark AMERICAN ATELIER for custom furniture in the United States Patent and Trademark Office ("USPTO") under Registration No. 3,813,674, which was registered on July 6, 2010.  A copy of the Certificate of Registration No. 3,813,674 is annexed hereto as Exhibit 1 and made a part hereof.

13.     Registration No. 3,813,674 is incontestable and *prima facie* evidence of the validity of the mark shown therein and American Atelier's ownership thereof of the mark AMERICAN ATELIER by American Atelier, all as provided by §§ 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.

14.     Registration No. 3,813,674 and the mark covered thereby is valid, in full force and effect and is owned by American Atelier.

15.     Notwithstanding American Atelier's prior exclusive rights in the mark AMERICAN ATELIER, Defendants, with constructive and actual notice of the mark AMERICAN ATELIER for furniture and related goods in this judicial district and in interstate commerce, Wayfair began and is still selling furniture products under the mark AMERICAN ATELIER which is sold to it by Jay Import.

16.     By letter dated April 26, 2016, Plaintiff, American Atelier, through its legal counsel demanded that Defendant, Wayfair immediately cease and permanently desist from all use of the name and mark AMERICAN ATELIER in connection with furniture.  Despite the foregoing, Wayfair continues to use the name and mark AMERICAN ATELIER with furniture.  Similarly, Jay Imports has also, though promising not to, has continued selling furniture and related goods under the name and mark AMERICAN ATELIER.

17.    Defendants are not associated, affiliated or connected with or authorized, endorsed or sanctioned by Plaintiff American Atelier.

18.    Defendants' use of the name and mark AMERICAN ATELIER in the manner hereinabove alleged was and is without the consent or authority of American Atelier.

19.    Defendants' use of the name and mark AMERICAN ATELIER, in the manner hereinabove alleged, has likely caused the public to believe, contrary to fact, that Defendants' business activities and goods offered under the name and mark AMERICAN ATELIER are sponsored, licensed and/or otherwise approved by, or in some way connected or affiliated with American Atelier.

20.    Defendants' unauthorized use of the name and mark AMERICAN ATELIER, as set forth above, is likely to damage and materially diminish the value of the mark AMERICAN ATELIER and result in Defendants unfairly benefiting and profiting from the reputation and goodwill that is represented by the mark AMERICAN ATELIER.

21.    Defendants' use of AMERICAN ATELIER in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

22.    On information and belief, Defendants had actual knowledge of American Atelier's prior use of the mark AMERICAN ATELIER when Defendants began using the name and mark AMERICAN ATELIER in connection with Defendants' sales of furniture and related goods.  On further information and belief, Defendants have long known of the fact that the public associates the mark AMERICAN ATELIER with the goods of American Atelier, and Defendants have sought to capitalize on the goodwill engendered by the mark AMERICAN ATELIER by

4

adopting the name and mark AMERICAN ATELIER.

23.     Upon information and belief, Defendants have performed the aforementioned acts willfully, deliberately, with the knowledge of the infringement they would cause, to appropriate and unfairly trade upon the goodwill in the AMERICAN ATELIER mark, and with entire want of care as would raise the presumption of conscious indifference to their consequences.

24.     By reason of Defendants' acts alleged herein, American Atelier has and will suffer damage to its business, reputation, and goodwill, and Defendants will enjoy profits to which they are otherwise not entitled, for which American Atelier is entitled to relief at law.

25.     Unless enjoined by this Court, Defendants will continue to infringe the mark AMERICAN ATELIER, thereby deceiving the public and causing American Atelier immediate and irreparable injury.  It would be difficult to ascertain the amount of compensation that could afford American Atelier adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  American Atelier's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT II – FALSE DESIGNATION OF ORIGIN

26.     As a cause of action and ground for relief, Plaintiff American Atelier alleges that Defendants have engaged in acts in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates by reference ¶¶ (1) through (25) inclusive of the Complaint as part of this count.

27.     Defendants' use of the name and mark AMERICAN ATELIER in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     The nature and probable tendency and effect of Defendants use of the name and

mark AMERICAN ATELIER in the manner hereinabove alleged is to enable Defendants to confuse or deceive the public by misrepresenting the products offered for sale and rendered under said name and mark as sponsored, licensed and/or approved by, or in some way connected or affiliated with AMERICAN ATELIER. Such conduct constitutes a false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Upon information and belief, Defendants' actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of American Atelier and to improperly appropriate to itself the valuable trademark rights of American Atelier.

### COUNT III – UNFAIR COMPETITION

30. As a cause of action and ground for relief, Plaintiff American Atelier alleges that Defendants have engaged in acts of unfair competition at common law, and incorporates by reference ¶¶ (1) through (29) inclusive of the Complaint as part of this count.

31. By virtue of Defendants' acts hereinabove pleaded, Defendants have engaged in conduct which is contrary to honest industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law of the Commonwealth of Pennsylvania.

32. Defendants' acts hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff American Atelier at substantial effort and expense represented by the distinctiveness of the mark AMERICAN ATELIER.

33. Defendants have engaged in the aforementioned acts willfully and deliberately and with full knowledge of the mark AMERICAN ATELIER and American Atelier's rights

therein.

34.     Defendants will continue to compete unfairly unless restrained by this Court.  As a result of Defendants' unfair competition, American Atelier will be unable to control the loss of the distinctive quality and reputation represented by the mark AMERICAN ATELIER and will sustain still further damages in an amount difficult to ascertain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Atelier respectfully prays that:

1.     The Court enter judgment that:

    a.     Defendants have infringed the mark AMERICAN ATELIER under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law;

    b.     Defendants have violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

    c.     Defendants have engaged in unfair competition at common law.

2.     Defendants and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

    a.     Using the mark AMERICAN ATELIER and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a service mark, trademark, trade name, domain name component, or otherwise to market, advertise or identify Defendants' commercial activities or services;

b.      Otherwise infringing the mark AMERICAN ATELIER;

c.      Unfairly competing with Plaintiff in any manner whatsoever, or otherwise injuring its business reputation in the manner complained of herein; and

d.      Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (c) above.

3.      The Court order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark AMERICAN ATELIER, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed.

4.      Defendants be ordered to notify in writing and direct to the relevant federal or state Departments of Transportation and to its advertisers and all publishers of directories, registries or lists in which the Defendants' use of the name and mark  AMERICAN ATELIER appears, to delete all references to said names and marks from their files, databases and directories.

5.      Defendants be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which Defendants have complied with the Judgment.

6.      Defendants be directed to pay to Plaintiff compensatory damages in an amount to be determined at trial for the injuries sustained by Plaintiff in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described

herein.

7.      Defendants be required to account for and pay to Plaintiff all profits realized by Defendants as the result of the acts complained of herein.

8.      Defendants be required to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

9.      Defendants be required to pay pre- and post-judgment interest according to law.

10.      The Court award any punitive and exemplary damages against Defendants and in favor of Plaintiff.

11.      Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

Respectfully submitted,

CAESAR RIVISE, PC

Dated: October __18____, 2016

Manny D. Pokotilow (I.D. #13310)
1635 Market Street
11th Floor - Seven Penn Center
Philadelphia, PA  19103-2212
215-567-2010 (P)
215-751-1142 (F)
<**mpokotilow@caesar.law**>

*Attorneys for Plaintiff American Atelier*

## VERIFICATION

I, JAMES BANKO, declare as follows:

I am Chief Financial Officer of American Atelier, Inc., Plaintiff herein.  I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters herein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty and perjury that the foregoing is true and correct.

Dated: October _18_ , 2016                    By: _____
                                                          James Banko

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

## AMERICAN ATELIER

**Reg. No. 3,813,674**

**Registered July 6, 2010**

**Int. Cl.: 20**

**TRADEMARK**

**PRINCIPAL REGISTER**

AMERICAN ATELIER, INC. (PENNSYLVANIA CORPORATION)
301 NORTH FRONT STREET
ALLENTOWN, PA 18102

FOR: CUSTOM FURNITURE, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 12-11-1995; IN COMMERCE 12-11-1995.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AMERICAN", APART FROM
THE MARK AS SHOWN.

SER. NO. 77-866,743, FILED 11-6-2009.

JORDAN BAKER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*